UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES VANDERWERFF, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., et al.;<br><br>         Defendants. | **Civil Action No. 1:19-cv-07582-RA** |
| JOHN KARATHANOS, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., et al.;<br><br>         Defendants. | **Civil Action No. 1:19-cv-08023-RA** |
| ELAINE SPATH, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., et al.;<br><br>         Defendants. | **Civil Action No. 1:19-cv-03521-RA** |

**PROTECTIVE ORDER GOVERNING CONFIDENTIAL
AND SENSITIVE PERSONAL INFORMATION**

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c) and 5.2(e).

**I.   DEFINITIONS**

A. "Defendant" or "Defendants" shall mean Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., Quincy Bioscience Manufacturing, LLC, Michael Beaman, and Mark Underwood, either individually or collectively as the case may be.

B. "Plaintiff" or "Plaintiffs" shall mean James Vanderwerff, John Karathanos, and Elaine Spath, either individually or collectively as the case may be.

C. "Party" or "Parties" shall mean the Plaintiffs and Defendants, either individually or collectively as the case may be.

D. "Confidential Material" means any material, including documents and testimony, that: (1) contains information that is not known to be in the public domain such as trade secrets, confidential commercial or financial information, or confidential research and development information; and (2) in the good faith judgment of the party designating the material as confidential, reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons.

E. "Confidential – AEO Material" means any material, including documents and testimony, that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Producing Party.

F. "Sensitive Personal Information" means any (1) Social Security number; (2) sensitive health-related data including medical records; (3) biometric identifier; or (4) any one or more of the following when combined with an individual's name, address, or phone number: (a) date of birth, (b) driver's license or other state identification number, or a foreign

equivalent, (c) military identification number, (d) passport number, (e) financial institution account number, (f) credit or debit card number; or (5) other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

      G.      "Protected Material" refers collectively to Confidential Material, Confidential – AEO Material, and Sensitive Personal Information, collectively.

      H.      "Producing Party" means the Party or non-party producing Protected Material in connection with depositions, document production, or otherwise.

      I.      "Receiving Party" means the Party receiving Protected Material in connection with depositions, document production, or otherwise.

## II.    DESIGNATING PROTECTED MATERIAL

      A.      If a Producing Party has a good faith belief that material, documents, or items required to be produced in discovery contain Confidential Material or Sensitive Personal Information, and that good cause exists to overcome the presumption of public access to such material, documents, and items obtained in pretrial discovery, the Producing Party must designate such material, documents, or items, or portions thereof, as "CONFIDENTIAL."

      B.      If a Producing Party has a good faith belief that material, documents, or items required to be produced in discovery contain Confidential – AEO Material, and that good cause exists to overcome the presumption of public access to such material, documents, and items obtained in pretrial discovery, the Producing Party must designate such material, documents, or items, or portions thereof, as "CONFIDENTIAL – AEO."

      C.      For deposition transcripts, the Producing Party must identify the specific pages and line numbers that contain Protected Material within 14 days of receipt of the final transcript, which period may be altered by written agreement of the Parties.  All deposition transcripts shall

be treated as CONFIDENTIAL – AEO Material until 14 days after receipt of the final transcript or until the agreed-upon altered deadline for making confidentiality designations under this paragraph, and no individual attending such a deposition shall disclose the contents of the deposition to anyone who is not entitled to receive such CONFIDENTIAL – AEO information until this period has expired.  Upon being informed that certain portions of a deposition are to be designated as CONFIDENTIAL or CONFIDENTIAL – AEO, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and shall limit disclosure of that transcript in accordance with the terms of this Order.

        D.       The Producing Party must designate as CONFIDENTIAL or CONFIDENTIAL – AEO only those materials, documents, or items that contain Protected Material.  Mass or indiscriminate designation of material, documents, or items as Protected Material is prohibited.  If any Party wishes to file a document on the public docket that contains material that has been designated as CONFIDENTIAL or CONFIDENTIAL – AEO, the Parties shall confer in good faith regarding the portions of the document that qualify for protection under this Order and shall file the document either in redacted form if the Protected Material is not at issue or, alternatively, under seal if the Protected Material is at issue.

### III.    INADVERTENT FAILURE TO DESIGNATE PROTECTED MATERIAL

        A.       An inadvertent failure to designate Protected Material prior to disclosure does not preclude a subsequent designation, but a Receiving Party's prior disclosure of newly designated Protected Material shall not violate this Order.  In the event of subsequent designation of Protected Material after disclosure, the Parties shall cooperate to protect such material from future dissemination or public access.

### IV.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. Any Party receiving Protected Material may challenge the Producing Party's confidentiality designation by sending the Producing Party a written objection that identifies by bates range or other comparable indicator the specific documents for which the confidentiality designation is being challenged and that sets forth the objecting Party's basis for why the material is not confidential.

B. Within 7 days of a written objection to the designation of Confidential Material, the Producing Party and the objecting Party must meet and confer in good faith to resolve the objection.

C. If the Producing Party and the objecting Party are unable to resolve the dispute, the Producing Party must follow the procedures set forth in Local Rule 37.2 to obtain a protective order to uphold the confidentiality designation within 7 days of the meet and confer. The Parties may agree in writing to participate in additional meet and confer sessions and, if they do, the deadline to seek a protective order will be extended until 7 days after any such meet and confer session during which the Parties agree that they are at an impasse and that no additional conferences will be productive. Failure to seek a protective order within 7 days of the final meet and confer terminates confidential treatment for the material.

D. The burden of establishing that the confidentiality designation is proper is on the Producing Party.

E. The document or information that is subject to dispute under this Section IV shall be treated as originally designated pending resolution of the dispute.

V. **PERMITTED DISCLOSURES OF PROTECTED MATERIAL**

A. Confidential Material or Sensitive Personal Information may be disclosed only to:

1. the Parties, their counsel, and employees of the foregoing;

  2. experts, consultants, contractors, or other persons consulted or retained by the Parties or their counsel to assist in this litigation, provided that they sign Exhibit 1;

  3. secretarial, clerical, duplicating and data personnel of the foregoing experts, consultants, contractors, or other persons consulted or retained by the Parties or their counsel to assist in this litigation;

  4. the Court and court personnel;

  5. any officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of the foregoing;

  6. any person (and his or her counsel) who had prior access to the Confidential Material or Sensitive Personal Information or participated in a communication that is the subject of the Confidential Material or Sensitive Personal Information;

  7. any deponent may be shown or examined on any information, document or thing designated as CONFIDENTIAL if it appears that the deponent authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure (and such consent shall not be unreasonably withheld);

  8. any other persons or entities as required by law or as authorized by this Court or as agreed to by the Parties.

 B. Materials produced and marked as CONFIDENTIAL – AEO may be disclosed only to:

  1. counsel for Plaintiffs and employees of such counsel;

  2. counsel for Defendants and employees of such counsel;

  3. the Parties' experts and consultants, provided they have signed Exhibit 1;

  4. secretarial, clerical, duplicating and data personnel of the foregoing experts, consultants, contractors, or other persons consulted or retained by the Parties or their counsel to assist in this litigation;

  5. the Court and court personnel;

  6. any officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of the foregoing;

  7. any person (and his or her counsel) who had prior access to the Confidential – AEO Material or participated in a communication that is the subject of the Confidential – AEO Material;

  8. any deponent may be shown or examined on any information, document or thing designated as CONFIDENTIAL – AEO if it appears that the deponent authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure (and such consent shall not be unreasonably withheld);

  9. any other persons or entities as required by law or as authorized by this Court or as agreed to by the Parties.

 C. Any person receiving Confidential Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

**VI. USE OF CONFIDENTIAL OR CONFIDENTIAL – AEO MATERIAL IN LITIGATION**

A. A party seeking to file Confidential Material or Confidential – AEO Material publicly on the docket of any action either must redact such material before filing or must seek leave to file the material under seal in compliance with Section 6 of the Southern District of New York's Electronic Case Filing Rules & Instructions, unless the Producing Party consents to the public filing of such material or the Court orders that such material may be filed publicly.

B. If the need arises during any hearing or trial in this Action for any Party to disclose Confidential Material or Confidential – AEO Material, it may do so only after giving notice to the Producing Party and as directed by the Court. Any Confidential Material or Confidential – AEO Material offered into evidence and retained by the Court shall not retain its status as Confidential Material or Confidential – AEO Material under this Order unless the Court directs that such information be sealed.

### VII. USE OF SENSITIVE PERSONAL INFORMATION IN LITIGATION

No Party may publicly disclose any Sensitive Personal Information without prior approval of this Court. A Party seeking to file Sensitive Personal Information publicly on the docket of any action must redact such information before filing, unless the Sensitive Personal Information is relevant and necessary for the Court's understanding of the issues presented. In such circumstances, a Party must seek leave to file any unredacted Sensitive Personal Information under seal in compliance with Section 6 of the Southern District of New York's Electronic Case Filing Rules & Instructions.

### VIII. TREATMENT OF PROTECTED MATERIAL AFTER LITIGATION

Within 60 days of final resolution of all claims asserted in this action, including any appeal, all Parties, experts, contractors, consultant, or other person retained by any party to assist

in this litigation, as well as any witness or non-party, must destroy or return all Protected Material they obtained during the course of the litigation, except as follows:

      A.    Producing Parties may maintain copies of all of their own Protected Material.

      B.    Counsel may retain copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of the Protective Order.

This Order continues to govern Protected Material after the conclusion of the case, absent further order of the Court.

      SO ORDERED, this _____ day of _____, 20\_\_,

 

_____
UNITED STATES DISTRICT JUDGE

Any party seeking to file documents under seal or in redacted form shall comply with Rule 5A of this Court's Individual Rules & Practices in Civil Cases.
SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
April 17, 2020

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES VANDERWERFF, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., et al.;<br><br>  Defendants. | **Civil Action No. 1:19-cv-07582-RA** |
| JOHN KARATHANOS, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., et al.;<br><br>  Defendants. | **Civil Action No. 1:19-cv-08023-RA** |
| ELAINE SPATH, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., et al.;<br><br>  Defendants. | **Civil Action No. 1:19-cv-03521-RA** |

## ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge that I have been provided with a copy of the Protective Order entered in this action, I have reviewed it and understand its terms, and I agree to be bound by its terms and be subject to the jurisdiction of this Court in all matters relating to the Protective Order.

I will treat all Protected Material, as defined in the Protective Order, strictly in accordance with the terms set forth in the Protective Order. I will not share Protected Material with any unauthorized individual or entities, other than my counsel. I acknowledge that any unauthorized use or disclosure of such materials by me may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____            _____
                               Signature

                               _____
                               Print Name